## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **1. UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.**  CIV-20-65-G |
| | ) | |
| **1.  WILL JOHNSON,** | ) | |
| **Defendant.** | ) | |
| | ) | |

## COMPLAINT

1.  This action is brought by the United States to enforce provisions of Title VIII of the Civil Rights Act of 1968 (the Fair Housing Act), as amended by the Fair Housing Amendments Act of 1988, 42 U.S.C. § 3601, *et seq.*

## JURISDICTION AND VENUE

2.  This court has jurisdiction over this action under 28 U.S.C. § 1331, 28 U.S.C. § 1345 and 42 U.S.C. §§ 3610(c) and 3614(b)(2).

3.  Venue is proper under 28 U.S.C. § 1391(b).

## THE PARTIES

4.  The Plaintiff is the United States acting on behalf of the U.S. Department of Housing and Urban Development ("HUD").

5.  The Defendant is Will Johnson ("Johnson"), a resident of Oklahoma City, OK within the Western District of Oklahoma.  Since 2006, Johnson has been the owner and general manager for Red Plains Management, LLC, ("Red Plains") an Oklahoma Domestic

Limited Liability Corporation, with its principal place of business in Oklahoma.  Mr. Johnson was also the registered agent of this entity.

6. In 2015, Mr. Johnson was the property manager for Rich A & A Investments, LLC, an Oklahoma Domestic Limited Liability Corporation, with its principal place of business in Oklahoma.  Rich A & A owned a rental-housing unit at 711 NW 31st, Apartment A, Oklahoma City, Oklahoma, 73118, which Johnson and Red Plains managed, and is the subject of the underlying administrative complaint of discrimination.

## THE FAIR HOUSING ACT

7. HUD is the federal agency charged with the administration and enforcement of Title VIII of the Civil Rights Act of 1968, as amended by the Fair Housing Amendments Act of 1988 ("Fair Housing Act").  HUD is responsible for, *inter alia*, investigating charges of unlawful housing discrimination.  42 U.S.C. §§ 3610, 3611.  In connection with such investigations, the Secretary of HUD may issue subpoenas and order discovery.  42 U.S.C. § 3611(a).

8. HUD may also enter into "conciliation agreements" to resolve allegations of discrimination.  42 U.S.C. § 3610(b).  "Conciliation" means the attempted resolution of issues raised by a complaint, or by the investigation of such complaint, through informal negotiations involving the aggrieved person, the respondent, and the Secretary.  42 U.S.C. § 3602(l).  A "conciliation agreement" is a written agreement setting forth the resolution of the issues in conciliation.  42 U.S.C. § 3602(m).

9. Conciliation agreements may be enforced by the Attorney General of the United States. 42 U.S.C. § 3614(b)(2).

## <u>THE DEFENDANT'S CONDUCT</u>

10. HUD initiated an investigation of Mr. Johnson, Rich A & A, and Red Plains ("Respondents") in 2015 based upon the administrative complaint captioned: *Donna Winfrey v. Will Johnson, Rich A & A Investments, LLC, and Red Plains Management, LLC*, HUD Case No. 06-16-0100-8.  The HUD complaint, timely filed on October 27, 2015 by Donna Winfrey, alleged that Respondents Johnson and Red Plains, together with Rich A & A, discriminated against Donna Winfrey ("Winfrey") on the basis of her disability in violation of the Fair Housing Act.

11. Ms. Winfrey alleged that Johnson and the other respondents terminated her lease due to her disabilities by providing her written notice that her lease was being terminated due to her "infirmities and old age".  This written notice was signed by "Will Johnson, General Manager, Red Plains Management."

12. On November 12, 2015, Johnson sent a letter to HUD explaining that he was the owner of Red Plains Management, LLC, and the property manager for Rich A & A Investments, LLC.  Johnson also explained that his company leased and managed the property at issue and that he would respond to Ms. Winfrey's allegations.

13. After this initial letter, Johnson and the other respondents refused to participate in HUD's administrative investigation.  In 2018, HUD sought assistance from the U.S. Attorney's Office to enforce an administrative subpoena related to its investigation of the administrative complaint.

14. On April 30, 2018, the United States filed a Petition to Enforce the Administrative Subpoena in the federal district court Western District of Oklahoma.  See *United States v. Johnson & Red Plains Management, LLC*, CIV-18-417-F.

15. On June 5, 2018, after the complainant filed her administrative complaint but before HUD issued a determination of reasonable cause or a charge of discrimination, the parties entered into a Conciliation Agreement (Exh. 1) through the HUD conciliation process as provided for in 42 U.S.C. § 3610(b). That initial Agreement became effective on June 5, 2018, when it was approved by HUD.

16. The initial Agreement required Respondents Johnson and Red Plains to pay Ms. Winfrey ten thousand dollars ($10,000.00) within sixty (60) days of the effective date of the Agreement.

17. On June 5, 2018, the subpoena enforcement case was dismissed voluntarily by the United States because Mr. Johnson entered into a conciliation agreement with HUD for the underlying discriminatory conduct at issue.

18. On August 28, 2018, the Conciliation Agreement was amended.  The amended agreement stated that Respondents had paid Ms. Winfrey three thousand dollars ($3,000.00) of the ten thousand dollars ($10,000.00).  The Amended Conciliation (Exh. 2) agreement required Respondents to pay Ms. Winfrey the balance of seven thousand dollars ($7,000.00) in two installments: four thousand dollars ($4,000.00) by September 10, 2018 and three thousand dollars ($3,000.00) by October 10, 2018.

19. The Conciliation Agreements provide that HUD will determine whether the parties to the Agreement have complied with their terms.

20. To date, Defendant Johnson has not complied with the terms of the Conciliation Agreements because he has only paid $5,000 to Ms. Winfrey and has failed to pay the remaining $5,000 in accordance with the Conciliation Agreements.

21. In 2018 and 2019, HUD contacted Johnson and his attorney on multiple occasions attempting to resolve this matter; however, Johnson has advised HUD that he is either unable or unwilling to make additional payments.

22. Accordingly, on October 24, 2019, HUD referred the matter to the Attorney General for enforcement of the Conciliation Agreement, pursuant to 42 U.S.C. §§ 3610(c) and 3614(b)(2).

23. Complainant Donna Winfrey is the "aggrieved person" as defined in 42 U.S.C. § 3602(i), and had suffered injuries as a result of Johnson's breach of the Conciliation Agreement.

## COUNT I
## BREACH OF CONCILIATION AGREEMENT

24. The United States incorporates the above allegations from paragraphs 1 through 23.

25. HUD and Johnson entered into an initial and an amended Conciliation Agreement.

26. Under the terms of the Agreements, Johnson still owes $5,000.00 to Donna Winfrey.

27. Under the terms of the Agreements, Johnson was required to take 90 minutes of fair housing training covering the federal Fair Housing Act.

28. To date, Johnson has failed to remit payment in full as required by the Conciliation Agreements. (Exh. 3 Agency Verification).

29. To date, Johnson has failed to complete the training required by the Agreements. (Exh. 3 Agency Verification).

30. This is a claim for enforcement of the Conciliation Agreements.

## **PRAYER FOR RELIEF**

WHEREFORE, the United States of America demands and prays that judgment be entered in favor of the United States and against Johnson as follows:

1. Award preventative relief, including permanent or temporary injunctive relief, restraining order, or other order against Johnson to enforce the Conciliation Agreements and require Johnson to immediately pay Donna Winfrey $5,000.00, pursuant to 42 U.S.C. § 3614(d)(1)(A), (B);

2. Award monetary damages to Donna Winfrey, pursuant to 42 U.S.C. § 3614(d)(1)(B); and

3. Assess a civil penalty against Johnson to vindicate the public interest, pursuant to 42 U.S.C. § 3614(d)(1)(C).

4. Order Johnson to attend the fair housing training required by the Conciliation Agreements.

5. For such other relief as this Court deems just and equitable.

TIMOTHY J. DOWNING
United States Attorney

*/s/ Rebecca A. Frazier*
REBECCA A. FRAZIER
Assistant U.S. Attorney
Okla. Bar Number: 22285
United States Attorney's Office
210 Park Avenue, Suite 400
Oklahoma City, OK 73102
(405) 553-8804/8700 - (fax) 553-8885
Rebecca.Frazier@usdoj.gov

U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT

CONCILIATION AGREEMENT

BETWEEN

Donna Winfrey
2111 N. Halstead Street, Apt. 312
Chicago, Illinois 60614
(Complainant)

AND

Red Plains Management, LLC
11032 Quail Creek Road, Suite 105
Oklahoma City, Oklahoma 73120
(Respondent)

AND

Will Johnson
11032 Quail Creek Road, Suite 105
Oklahoma City, Oklahoma 73120
(Respondent)

Approved by the Fair Housing and Equal Opportunity Regional Director on behalf of the United States Department of Housing and Urban Development

HUD CASE NO.  06-16-0100-8

Exhibit 1

HUD Case Number:   06-16-0100-8 Donna Winfrey v Rich A & A Investments, LLC

## A. PARTIES AND LOCATION OF ALLEGED DISCRIMINATION

Complainant is Donna Winfrey.  The initial respondents were property owner Rich A & A Investments, LLC, property management company Red Plains Management, LLC, and property manager Will Johnson.  In the spirit of full resolution of the disputed complaint herein, the complainant through this agreement amended her complaint to remove Rich A & A Investments, LLC, as a respondent.

The location of the alleged discrimination is 711 NW 31st Street, Apt. A, Oklahoma City, Oklahoma 73118.

## B. STATEMENT OF ALLEGATIONS

Complainant filed a fair housing complaint with the U.S. Department of Housing and Urban Development on October 27, 2015, pursuant to Title VIII of the Civil Rights Act of 1968 as amended by the Fair Housing Act in 1988 ("the Act"), alleging disability-based discrimination.

Respondents deny Complainant's allegation, but agree to settle the claim in the underlying action by entering into this Conciliation Agreement as a compromise of the disputed complaint and not as any admission of liability.

## C. TERMS OF AGREEMENT

This Conciliation Agreement (hereinafter "Agreement") shall govern the conduct of the parties to it for a period of one year from the effective date of the Agreement.

## D. EFFECTIVE DATE

This Agreement shall become effective on the date which it is approved by the Region VI Office of Fair Housing and Equal Opportunity ("FHEO") Regional Director or his designee.

## E. GENERAL PROVISIONS

1. The parties acknowledge and affirm that this Agreement is a voluntary and full settlement of the disputed complaint. The parties affirm that they have read and fully understand the terms set forth herein. No party has been coerced, intimidated, threatened or in any way forced to become a party to this Agreement.

2. Respondents acknowledge that they have an affirmative duty not to discriminate under the Act, and that it is unlawful to retaliate against any person because that person has made a

2

HUD Case Number:   06-16-0100-8 Donna Winfrey v Rich A & A Investments, LLC

complaint, testified, assisted, or participated in any manner in any proceeding under the Act. Respondents further acknowledge that any subsequent allegation of unlawful retaliation or unlawful discrimination against the Complainant, if proven true, may constitute both a material breach of this Agreement and a separate and distinct statutory violation of the Act.

3. The parties understand and agree that this Agreement shall be binding upon all parties to this Agreement, and their respective employees, heirs, successors, and assigns and all others in active concert with them in the ownership or management of their respective organization's services.

4. The parties understand and agree that this Agreement shall become a public document pursuant to Section 810(b)(4) of the Act upon approval and execution of this Agreement by the Fort Worth FHEO Region VI Director, or his designee.

5. Respondents understand and acknowledge that this Agreement does not in any way limit or restrict the Department's authority to investigate any other allegations of unlawful discrimination made pursuant to the Act, or any other complaint within the Department's jurisdiction that involves the Respondents.

6. No amendment to, modification of, or waiver of any of the provisions of this Agreement shall be effective to amend, alter, modify, or revise the terms and conditions of this Agreement unless: (a) all signatories or their representatives or successors who will be affected by the proposed amendment, modification, or waiver agree in writing to the amendment, modification, or waiver; (b) the amendment, modification or waiver is in writing; and (c) the amendment, modification or waiver is approved and signed by the FHEO Regional Director. This Agreement constitutes the entire agreement between the parties. There are no understandings, agreement, or representation, oral or written, not specified herein regarding this Agreement.

7. The parties understand and agree that the execution of this Agreement may be accomplished by separate execution of consents to this Agreement by the Complainant and the Respondents, and transmission to the Department, provided that each party's original executed signature pages shall be attached to the body of the Agreement to constitute one document.

8. Complainant forever waives, releases, and covenants not to sue the Department or the Respondents, their heirs, executors, assigns, agents, employees, and attorneys with regard to any and all claims, damages and injuries of whatever nature, existing as of the effective date of this agreement, whether presently known or unknown, arising out of the subject matter of HUD Case Number 06-16-0100-8 or any federal civil rights claim which could have been filed in any action or suit arising from said subject matter. This release does not apply to any rights arising from the Respondents' failure to comply with the terms of this Agreement, or to future complaints arising from different facts, or to matters of compliance which may be pending with the Department.

HUD Case Number:   06-16-0100-8 Donna Winfrey v Rich A & A Investments, LLC

9.  Respondents' forever waive, release, and covenant not to sue the Department or Complainant, her heirs, executors, assigns, agents, employees, and attorneys with regard to any and all claims damages and injuries of whatever nature existing as of the effective date of this agreement, whether presently known or unknown, arising out of the subject matter of HUD Case Number 06-16-0100-8, or any federal civil rights claim which could have been filed in any action or suit arising from said subject matter.

10. Furthermore, and as a result of the Respondents' commitment to abide by the terms of this Agreement, the United States agrees to dismiss its Petition to Enforce HUD's administrative subpoena, *United States v. Will Johnson et al.*, Case No. CIV-18-417-F.  A dismissal without prejudice will be filed pursuant to Fed. R. Civ. P. 41(a)(1)(A).

## F. RELIEF FOR COMPLAINANT

Respondents agree to take the following action, and, as set forth in this Agreement, will provide the Department with written certification that this requirement has been met:

1.  Respondents shall pay Complainant ten thousand dollars ($10,000.00) within sixty (60) days of the effective date of this Agreement.  The check shall be made payable to Donna Winfrey, and mailed to her by Federal Express or certified mail at the following address:

Donna Winfrey
2111 N. Halstead Street, Apt. 312
Chicago, Illinois 60614

## G. RELIEF IN THE PUBLIC INTEREST

Respondents agree to take the following action, and, as set forth in this Agreement, will provide the Department with written certification that this requirement has been met:

1.  Within ninety (90) days of the effective date of this Agreement, the Respondents shall take a minimum of three hours of fair housing training covering the federal Fair Housing Act.
2.  Within thirty (30) days of the effective date of this Agreement, the Respondents shall create and distribute to all current tenants a reasonable accommodation policy and procedure that is consistent with the Joint Statement of The Department of Housing and Urban Development and The Department of Justice – Reasonable Accommodations Under the Fair Housing Act, dated May 17, 2004.
3.  Within thirty (30) days of the effective date of this Agreement, the Respondents shall create and distribute to all current tenants a reasonable modifications policy and

HUD Case Number:   06-16-0100-8 Donna Winfrey v Rich A & A Investments, LLC

procedure that is consistent with the Joint Statement of The Department of Housing and Urban Development and The Department of Justice – Reasonable Modifications under the Fair Housing Act, dated March 5, 2008.

## H. MONITORING

During the term of this Agreement, the Department shall review compliance with the terms and conditions of this Agreement. The Department shall determine whether the Respondents have complied with the terms and conditions of this Agreement. HUD may inspect Respondents' properties, examine officers, agents, employees, and other witnesses and documents, and copy any or all pertinent documents examined as part of the review.  Respondents agree to provide their full cooperation in any monitoring review undertaken by HUD pursuant to the terms of this Agreement to ensure compliance with this Agreement. Monitoring efforts may include testing or other enforcement activities.

## I. REPORTING AND RECORDKEEPING

Within seventy-five (75) days from the effective date of this Agreement, Respondents will provide HUD a photocopy of the check identified in paragraph F.1, within one hundred and twenty (120) days certification for the training identified in paragraph G.1, and within forty-five (45) days the policies and procedures identified in paragraphs G.2 and G.3, and the delivery tracking reports or certified mail receipts as evidence of delivery to the FHEO Regional Director to the following address:

U.S. Department of Housing and Urban Development
Fort Worth Regional Office of Fair Housing and Equal Opportunity
Region VI
801 Cherry St., Unit #45, Suite 2500
Fort Worth, Texas 76102
Attention: Patrick Alexander

## J. CONSEQUENCES OF BREACH

Whenever the Secretary, after an examination of any facts and circumstances, has reasonable cause to believe that any respondent has breached this Agreement, the Secretary may refer the alleged breach to the Attorney General of the United States with a request to commence a civil action in the appropriate U.S. District Court pursuant to §§810(c) and 814(b)(2) of the Act.

HUD Case Number:   06-16-0100-8 Donna Winfrey v Rich A & A Investments, LLC

## K. SIGNATURES

_____          _____
(Date)                           Donna Winfrey, Complainant

6/4/18                           _____
(Date)                           Will Johnson, Respondent

6/4/18                           _____
(Date)                           Red Plains Management, LLC, Respondent

6/5/18                           _____
(Date)                           Robert Avila, Conciliator

## L. APPROVAL

Approved on behalf of Secretary

June 5, 2018                     _____
(Date)                           Garry L. Sweeney, Director
                                 Fort Worth Regional Office of Fair Housing
                                 and Equal Opportunity, Region VI

6

06/04/2018  17:05    773-528-8876              FEDEX OFFICE    3612              PAGE  01

HUD Case Number:  06-16-0100-8 Donna Winfrey v Rich A & A Investments, LLC

## K. SIGNATURES

6/4/18
(Date)

*Donna Winfrey*

Donna Winfrey, Complainant

_____
(Date)

_____
Will Johnson, Respondent

_____
(Date)

_____
Red Plains Management, LLC, Respondent

6/5/18
(Date)

*Robert A. Avila*

Robert Avila, Conciliator

## L. APPROVAL

Approved on behalf of Secretary

June 5, 2018
(Date)

*Thurman Miles, Acting*

Garry L. Sweeney, Director
Fort Worth Regional Office of Fair Housing
and Equal Opportunity, Region VI

U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT

AMENDED CONCILIATION AGREEMENT

BETWEEN

Donna Winfrey
3148 SW 72nd Street
Oklahoma City, Oklahoma 73159
(Complainant)

AND

Red Plains Management, LLC
11032 Quail Creek Road, Suite 105
Oklahoma City, Oklahoma 73120
(Respondent)

AND

Will Johnson
11032 Quail Creek Road, Suite 105
Oklahoma City, Oklahoma 73120
(Respondent)

Approved by the Fair Housing and Equal Opportunity Regional Director on behalf of the United States Department of Housing and Urban Development

HUD CASE NO.  06-16-0100-8

Exhibit 2

HUD Case Number:   06-16-0100-8 Donna Winfrey v Rich A & A Investments, LLC

## A. PARTIES AND LOCATION OF ALLEGED DISCRIMINATION

Complainant is Donna Winfrey.  The initial respondents were property owner Rich A & A Investments, LLC, property management company Red Plains Management, LLC, and property manager Will Johnson.  In the spirit of full resolution of the disputed complaint herein, the complainant through this agreement amended her complaint to remove Rich A & A Investments, LLC, as a respondent.

The location of the alleged discrimination is 711 NW 31st Street, Apt. A, Oklahoma City, Oklahoma 73118.

## B. STATEMENT OF ALLEGATIONS

Complainant filed a fair housing complaint with the U.S. Department of Housing and Urban Development on October 27, 2015, pursuant to Title VIII of the Civil Rights Act of 1968 as amended by the Fair Housing Act in 1988 ("the Act"), alleging disability-based discrimination.

Respondents deny Complainant's allegation, but agree to settle the claim in the underlying action by entering into this Amended Conciliation Agreement as a compromise of the disputed complaint and not as any admission of liability.

## C. TERMS OF AMENDED AGREEMENT

This Amended Conciliation Agreement (hereinafter "Amended Agreement") shall govern the conduct of the parties to it for a period of one year from the effective date of this Amended Agreement.

## D. EFFECTIVE DATE

This Amended Agreement shall become effective on the date which it is approved by the Region VI Office of Fair Housing and Equal Opportunity ("FHEO") Regional Director or his designee.

## E. GENERAL PROVISIONS

1. The parties acknowledge and affirm that this amendment to the original Conciliation Agreement is a voluntary and full settlement of the disputed complaint. The parties affirm that they have read and fully understand the terms set forth herein. No party has been coerced, intimidated, threatened or in any way forced to become a party to this Amended Agreement.

2

HUD Case Number:   06-16-0100-8 Donna Winfrey v Rich A & A Investments, LLC

2. Respondents acknowledge that they have an affirmative duty not to discriminate under the Act, and that it is unlawful to retaliate against any person because that person has made a complaint, testified, assisted, or participated in any manner in any proceeding under the Act. Respondents further acknowledge that any subsequent allegation of unlawful retaliation or unlawful discrimination against the Complainant, if proven true, may constitute both a material breach of this Amended Agreement and a separate and distinct statutory violation of the Act.

3. The parties understand and agree that this Amended Agreement shall be binding upon all parties to this Amended Agreement, and their respective employees, heirs, successors, and assigns and all others in active concert with them in the ownership or management of their respective organization's services.

4. The parties understand and agree that this Amended Agreement shall become a public document pursuant to Section 810(b)(4) of the Act upon approval and execution of this Amended Agreement by the Fort Worth FHEO Region VI Director, or his designee.

5. Respondents understand and acknowledge that this Amended Agreement does not in any way limit or restrict the Department's authority to investigate any other allegations of unlawful discrimination made pursuant to the Act, or any other complaint within the Department's jurisdiction that involves the Respondents.

6. No amendment to, modification of, or waiver of any of the provisions of this Amended Agreement shall be effective to amend, alter, modify, or revise the terms and conditions of this Amended Agreement unless: (a) all signatories or their representatives or successors who will be affected by the proposed amendment, modification, or waiver agree in writing to the amendment, modification, or waiver; (b) the amendment, modification or waiver is in writing; and (c) the amendment, modification or waiver is approved and signed by the FHEO Regional Director. This Amended Agreement constitutes the entire agreement between the parties. There are no understandings, agreement, or representation, oral or written, not specified herein regarding this Amended Agreement.

7. The parties understand and agree that the execution of this Amended Agreement may be accomplished by separate execution of consents to this Amended Agreement by the Complainant and the Respondents, and transmission to the Department, provided that each party's original executed signature pages shall be attached to the body of the Amended Agreement to constitute one document.

8. Complainant forever waives, releases, and covenants not to sue the Department or the Respondents, their heirs, executors, assigns, agents, employees, and attorneys with regard to any and all claims, damages and injuries of whatever nature, existing as of the effective date of this agreement, whether presently known or unknown, arising out of the subject matter of HUD Case

3

HUD Case Number:   06-16-0100-8 Donna Winfrey v Rich A & A Investments, LLC

Number 06-16-0100-8 or any federal civil rights claim which could have been filed in any action or suit arising from said subject matter. This release does not apply to any rights arising from the Respondents' failure to comply with the terms of this Amended Agreement, or to future complaints arising from different facts, or to matters of compliance which may be pending with the Department.

9.  Respondents' forever waive, release, and covenant not to sue the Department or Complainant, her heirs, executors, assigns, agents, employees, and attorneys with regard to any and all claims damages and injuries of whatever nature existing as of the effective date of this Amended Agreement, whether presently known or unknown, arising out of the subject matter of HUD Case Number 06-16-0100-8, or any federal civil rights claim which could have been filed in any action or suit arising from said subject matter.

10. Furthermore, and as a result of the Respondents' commitment to abide by the terms of this Amended Agreement, the United States agrees to dismiss its Petition to Enforce HUD's administrative subpoena, *United States v. Will Johnson et al.*, Case No. CIV-18-417-F.  A dismissal without prejudice will be filed pursuant to Fed. R. Civ. P. 41(a)(1)(A).

## F. RELIEF FOR COMPLAINANT

Respondents agree to take the following actions, and, as set forth in this Amended Agreement, will provide the Department with written certifications that these requirements have been met. On August 17, 2018, Respondents by cashier's check paid Complainant three thousand dollars ($3,000.00) of the ten thousand dollars ($10,000.00) in relief they agreed to pay Complainant per the original Conciliation Agreement.  Henceforth, Respondents shall pay Complainant the balance of seven thousand dollars ($7,000.00) in two installments:

1.  Respondents shall pay Complainant four thousand dollars ($4,000.00) by September 10, 2018.

2.  Respondents shall pay Complainant three thousand dollars ($3,000.00) by October 10, 2018.

3.  The checks shall be made payable to Donna Winfrey, and mailed to her by Federal Express or certified mail at the following address:

Donna Winfrey
3148 SW 72nd Street
Oklahoma City, Oklahoma 73159

4

HUD Case Number:   06-16-0100-8 Donna Winfrey v Rich A & A Investments, LLC

## G. RELIEF IN THE PUBLIC INTEREST

Respondents agree to take the following action, and, as set forth in this Agreement, will provide the Department with written certification that these requirements have been met:

1. Within ninety (30) days of the effective date of this Amended Agreement, Respondent shall take a minimum of 90 minutes of fair housing training covering the federal Fair Housing Act via the online webinar that can be found at YouTube's HUDChannel at https://youtu.be/egXPe7HT7tc

2. Within thirty (30) days of the effective date of this Amended Agreement, Respondents shall create and distribute to all current tenants a reasonable accommodation policy and procedure that is consistent with the Joint Statement of The Department of Housing and Urban Development and The Department of Justice – Reasonable Accommodations Under the Fair Housing Act, dated May 17, 2004.

3. Within thirty (30) days of the effective date of this Amended Agreement, the Respondents shall create and distribute to all current tenants a reasonable modifications policy and procedure that is consistent with the Joint Statement of The Department of Housing and Urban Development and The Department of Justice – Reasonable Modifications under the Fair Housing Act, dated March 5, 2008.

## H. MONITORING

During the term of this Amended Agreement, the Department shall review compliance with the terms and conditions of this Amended Agreement. The Department shall determine whether the Respondents have complied with the terms and conditions of this Amended Agreement. HUD may inspect Respondents' properties, examine officers, agents, employees, and other witnesses and documents, and copy any or all pertinent documents examined as part of the review. Respondents agree to provide their full cooperation in any monitoring review undertaken by HUD pursuant to the terms of this Amended Agreement to ensure compliance with this Amended Agreement. Monitoring efforts may include testing or other enforcement activities.

## I. REPORTING AND RECORDKEEPING

By September 15, 2018, Respondents will provide HUD a photocopy of the check identified in paragraph F.1.  By October 15, 2018, Respondents will provide HUD a photocopy of the check identified in paragraph F.2., within thirty-five days (35) days certification for the training identified in paragraph G.1, and within forty-five (35) days the policies and procedures identified

HUD Case Number:   06-16-0100-8 Donna Winfrey v Rich A & A Investments, LLC

in paragraphs G.2 and G.3, and the delivery tracking reports or certified mail receipts as evidence of delivery to the FHEO Regional Director to the following address:

U.S. Department of Housing and Urban Development
Fort Worth Regional Office of Fair Housing and Equal Opportunity
Region VI
801 Cherry St., Unit #45, Suite 2500
Fort Worth, Texas 76102
Attention: Patrick Alexander

## J. CONSEQUENCES OF BREACH

Whenever the Secretary, after an examination of any facts and circumstances, has reasonable cause to believe that any respondent has breached this Agreement, the Secretary may refer the alleged breach to the Attorney General of the United States with a request to commence a civil action in the appropriate U.S. District Court pursuant to §§810(c) and 814(b)(2) of the Act.

HUD Case Number:   06-16-0100-8 Donna Winfrey v Rich A & A Investments, LLC

## K. SIGNATURES

_____          _____
(Date)                       Donna Winfrey, Complainant

8/23/18                      _____
(Date)                       Will Johnson, Respondent


_____          _____
(Date)                       Red Plains Management, LLC, Respondent

Aug 28, 2018                 _____
(Date)                       Robert Avila, Conciliator

## L. APPROVAL

Approved on behalf of Secretary


Aug 28, 2018                 _____
(Date)                       Garry L. Sweeney, Director
                             Fort Worth Regional Office of Fair Housing
                             and Equal Opportunity, Region VI

7

HUD Case Number:   06-16-0100-8 Donna Winfrey v Rich A & A Investments, LLC

**K. SIGNATURES**

_8/27/18_
(Date)

_Donna Winfrey_
Donna Winfrey, Complainant

_____
(Date)

Will Johnson, Respondent

_____
(Date)

Red Plains Management, LLC, Respondent

_Aug 28, 2018_
(Date)

_Robert A. Avila_
Robert Avila, Conciliator

**L. APPROVAL**

Approved on behalf of Secretary

_Aug 28, 2018_
(Date)

_Robert A. Avila, Acting_
Garry L. Sweeney, Director
Fort Worth Regional Office of Fair Housing
and Equal Opportunity, Region VI

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| 1.  **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIV- |
| | ) | |
| 1.  **WILL JOHNSON,** | ) | |
| | ) | |
| Defendant. | ) | |

---

## VERIFICATION OF UNITED STATES

I, Robert Avila, Enforcement Branch Chief, Office of Fair Housing and Equal Opportunity, U.S. Department of Housing and Urban Development, am familiar with the records of the U.S. Department of Housing and Urban Development regarding the case of WILL JOHNSON and do hereby state and verify, as follows:

1.   I have examined the Complaint and have verified the accuracy of the amount owing to the United States.

2.   That I have read the Complaint to be filed of record with this Court.  I have knowledge of the facts and figures stated therein; and that I believe the statements of fact and figures set forth are true and correct.

Exhibit 3

Dated _____*January 22, 2020*_____.


_____*Robert Anthony Avila*_____
**AGENT NAME**
Special Agent


**STATE OF Texas** *Lah* )
*Tarrant*  ) **SS**
**COUNTY OF** ~~OKLAHOMA~~)


Before me on *January 22, 2020* personally appeared Robert Avila,

known by me to be the identical person who executed this instrument and acknowledged

to me that the same is true and correct.

Witness my hand and seal the day and year written above.

My Commission Expires:  *04/08/2021*

*L. Fawn Barrington*
NAME OF NOTARY, Notary Public
Comm No: **539285-3**

L FAWN BARRINGTON
My Notary ID # 5392853
Expires April 8, 2021

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
UNITED STATES OF AMERICA

**(b)** County of Residence of First Listed Plaintiff
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Rebecca Frazier, Assistant U.S. Attorney, 210 Park Avenue, Suite 400
Oklahoma City, OK 73102 405-553-8804

## DEFENDANTS
WILL JOHNSON

County of Residence of First Listed Defendant    OKLAHOMA
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☒ 1   U.S. Government
Plaintiff

☐ 2   U.S. Government
Defendant

☐ 3   Federal Question
*(U.S. Government Not a Party)*

☐ 4   Diversity
*(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                              *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Product Liability | | 28 USC 157 | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | Liability | ☐ 367 Health Care/ | | | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| & Enforcement of Judgment | Slander | Personal Injury | | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Product Liability | | ☐ 830 Patent | ☐ 470 Racketeer Influenced and |
| ☐ 152 Recovery of Defaulted | Liability | ☐ 368 Asbestos Personal | | ☐ 840 Trademark | Corrupt Organizations |
| Student Loans | ☐ 340 Marine | Injury Product | | | ☐ 480 Consumer Credit |
| (Excludes Veterans) | ☐ 345 Marine Product | Liability | | **LABOR** | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | ☐ 710 Fair Labor Standards | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | Act | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 720 Labor/Management | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| ☐ 190 Other Contract | Product Liability | ☐ 380 Other Personal | Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Property Damage | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 196 Franchise | Injury | ☐ 385 Property Damage | ☐ 751 Family and Medical | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information |
| | ☐ 362 Personal Injury - | Product Liability | Leave Act | | Act |
| | Medical Malpractice | | ☐ 790 Other Labor Litigation | | ☐ 896 Arbitration |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement | **FEDERAL TAX SUITS** | ☐ 899 Administrative Procedure |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | Income Security Act | ☐ 870 Taxes (U.S. Plaintiff | Act/Review or Appeal of |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | or Defendant) | Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate | | ☐ 871 IRS—Third Party | ☐ 950 Constitutionality of |
| ☐ 240 Torts to Land | ☒ 443 Housing/ | Sentence | | 26 USC 7609 | State Statutes |
| ☐ 245 Tort Product Liability | Accommodations | ☐ 530 General | | | |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| | Employment | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | |
| | Other | ☐ 550 Civil Rights | Actions | | |
| | ☐ 448 Education | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - | | | |
| | | Conditions of | | | |
| | | Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1   Original
Proceeding

☐ 2   Removed from
State Court

☐ 3   Remanded from
Appellate Court

☐ 4   Reinstated or
Reopened

☐ 5   Transferred from
Another District
*(specify)*

☐ 6   Multidistrict
Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Fair Housing Amendments Act of 1988, 42 USC 3601, et seq.
Brief description of cause:
Title VIII Fair Housing Act

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION**
UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:**    ☐ Yes   ☒ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*

JUDGE _____    DOCKET NUMBER _____

DATE
01/22/2020

SIGNATURE OF ATTORNEY OF RECORD
s/Rebecca Frazier, AUSA, OBA #22285

**FOR OFFICE USE ONLY**

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

Print    Save As...    Reset