UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| v. | )  Case No. CIV-20-65-G |
| | ) |
| WILL JOHNSON, | ) |
| | ) |
|     **Defendant.** | ) |

## ORDER

Now before the Court is Plaintiff United States of America's Motion for Default Judgment (the "Motion," Doc. No. 6), in which Plaintiff seeks entry of a default judgment against Defendant Will Johnson. Although the Motion certifies that it was served upon Defendant via U.S. mail, no response has been filed. For the reasons stated below, the Court finds that a default judgment should be entered following a hearing on Plaintiff's request for relief.

### I. *Background*

Plaintiff initiated this action on January 22, 2020, seeking enforcement of certain conciliation agreements entered into by Defendant and approved by the U.S. Department of Housing and Urban Development ("HUD"). *See* Compl. (Doc. No. 1); *see also* 42 U.S.C. § 3610(b). Defendant was served with the summons and Complaint on February 26, 2020. *See* Doc. No. 4. On August 14, 2020, after Plaintiff showed that Defendant had failed to answer or otherwise defend himself in this lawsuit, the Clerk entered Defendant's

default pursuant to Federal Rule of Civil Procedure 55(a). *See* Clerk's Entry of Default (Doc. No. 7).

Plaintiff now seeks entry of a default judgment pursuant to Federal Rule of Civil Procedure 55(b) assessing damages in the amount $5000.00, as well as a requirement that Defendant complete HUD training in accordance with the terms of the parties' conciliation agreements. *See* Pl.'s Mot. at 11; *id.* Ex. 1 (Doc. No. 6-1).

## II. Discussion

### A. Procedural Requirements

The record reflects that Defendant has failed to answer or plead, that default was entered by the Clerk, and that Plaintiff's Motion complies with Local Civil Rule 55.1. Accordingly, Plaintiff has satisfied the procedural requirements for entry of a default judgment. *See* Fed. R. Civ. P. 55(b); LCvR 55.1; *Tabb v. Mentor Prot. Serv. LLC*, No. CIV-17-1130-D, 2018 WL 3213622, at *1 (W.D. Okla. June 29, 2018).

### B. Plaintiff's Allegations

The entry of a default judgment "is committed to the sound discretion of the district court." *Tripodi v. Welch*, 810 F.3d 761, 764 (10th Cir. 2016). "Default judgments are generally disfavored in light of the policy that cases should be tried upon their merits whenever reasonably possible. Nonetheless, default judgment is viewed as a reasonable remedy when the adversary process has been halted because of an essentially unresponsive party." *Tabb*, 2018 WL 3213622, at *1 (citing *In re Rains*, 946 F.2d 731, 732 (10th Cir. 1991)).

Because a default has been entered, Plaintiff is "relieved . . . from having to prove the complaint's factual allegations." *Tripodi*, 810 F.3d at 765; *see also United States v. Craighead*, 176 F. App'x 922, 924 (10th Cir. 2006) ("The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established." (internal quotation marks omitted)). Even after default, however, "it remains for the court to consider whether the unchallenged facts constitute a legitimate basis for the entry of a judgment since a party in default does not admit conclusions of law." *Mathiason v. Aquinas Home Health Care, Inc.*, 187 F. Supp. 3d 1269, 1274 (D. Kan. 2016) (internal quotation marks omitted).

Plaintiff's assertions are straightforward. The Complaint alleges that Defendant is the owner and general manager of Red Plains Management, LLC ("Red Plains"), an Oklahoma Domestic Limited Liability Corporation, with its principal place of business in Oklahoma. *See* Compl. ¶ 5. The Complaint further alleges that Defendant was the property manager for Rich A & A Investments, LLC ("Rich A & A"), an Oklahoma Domestic Limited Liability Corporation, with its principal place of business in Oklahoma. *See id.* ¶ 6. Rich A & A owned a rental-housing unit at 711 Northwest 31st Street, Apt. A, Oklahoma City, Oklahoma, 73118, which Johnson and Red Plains managed. *Id.*

In 2015, HUD opened an investigation based upon an administrative complaint filed by Donna Winfrey and alleging that Defendant, Red Plains, and Rich A & A had discriminated against Ms. Winfrey regarding the subject property on the basis of disability in violation of the Fair Housing Act. *Id.* ¶¶ 6, 10-11. That investigation culminated in a Conciliation Agreement being executed by Defendant, Red Plains, and Ms. Winfrey, and

approved by HUD effective June 5, 2018. *See id.* ¶ 15; *id.* Ex. 1 (Doc. No. 1-1). This initial Conciliation Agreement required Defendant and Red Plains to pay Ms. Winfrey $10,000.00 within sixty days. Compl. ¶ 16; *id.* Ex. 1, at 4. The Conciliation Agreement also required Defendant to participate in a minimum of 90 minutes of fair-housing training through an online program. *See* Compl. Ex. 1, at 5.

On August 28, 2018, the Conciliation Agreement was amended. Compl. ¶ 18. The parties' Amended Conciliation Agreement stated that Defendant and Red Plains had paid $3000.00 of the sum owed and would pay Ms. Winfrey the remaining $7000.00 in two installments by October 10, 2018. *Id.* ¶ 18; *id.* Ex. 2, Am. Conciliation Agreement (Doc. No. 1-2). The Amended Conciliation Agreement again required Defendant to complete 90 minutes of online fair-housing training. *See* Am. Conciliation Agreement at 5.

The Complaint alleges that as of January 22, 2020, Ms. Winfrey was still owed $5000.00 under the terms of the two Agreements. *See* Compl. ¶¶ 20, 25, 28; *see also* Pl.'s Mot. at 4; *id.* Ex. 1. In addition, Defendant has failed to complete the training as prescribed in the two Agreements. Compl. ¶ 29. HUD has attempted to resolve this matter with Defendant, but Defendant "has advised HUD that he is either unable or unwilling to make additional payments." *Id.* ¶ 21.

Accepting the well-pleaded allegations in the Complaint as true, the Court finds that they establish Defendant's liability for breach of the Agreements. *See Tabb*, 2018 WL 3213622, at *2; *see also* Am. Conciliation Agreement at 5 (prescribing that HUD shall determine whether the parties to the agreement have complied with its terms and conditions); 42 U.S.C. § 3614(b)(2)(A) ("The Attorney General may commence a civil

4

action in any appropriate United States district court for appropriate relief with respect to breach of a conciliation agreement referred to the Attorney General by the Secretary under [42 U.S.C. § 3610]."). Because Defendant has failed to respond to or defend this action in any way, the Court finds that entry of a default judgment is appropriate.

### C.  Relief Requested

Rule 55(b) provides two distinct methods for entering a default judgment. First, "[i]f the plaintiff's claim is for a sum certain or a sum that can be made certain by computation," the Clerk of Court "must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person." Fed. R. Civ. P. 55(b)(1); *see also Venable v. Haislip*, 721 F.2d 297, 300 (10th Cir. 1983) (noting that a default judgment may be entered without a hearing when the amount claimed "is a liquidated sum" or "one capable of mathematical calculation"). In all other cases, the moving party must apply to the Court, which may "conduct hearings or make referrals" when necessary "to enter or effectuate judgment." Fed. R. Civ. P. 55(b)(2).

Here, Plaintiff's request for $5000.00 on behalf of Ms. Winfrey is supported by the pleading and the record and likely could be the basis for entry of a default judgment by the Clerk of Court under Rule 55(b)(1). *See* Compl. ¶ 26 ("Under the terms of the Agreements, Johnson still owes $5,000.00 to Donna Winfrey."); Am. Conciliation Agreement at 4.[1]

---

[1] The proposed default judgment submitted by Plaintiff indicates that Plaintiff does not request prejudgment interest on this damages award. Any allowance of postjudgment interest is governed by federal statute. *See* 28 U.S.C. § 1961; *Hosier v. Citigroup Global*

Plaintiff's request that Defendant be "order[ed] to complete fair housing training," however, is not a sum certain (although the request is supported by the allegations of the Complaint and the terms of the Amended Conciliation Agreement). As recognized by Plaintiff, *see* Pl.'s Mot. at 1 (citing Fed. R. Civ. P. 55(b)(2)), a hearing is therefore required for determination of this request for relief. *See* Fed. R. Civ. P. 55(b)(2)(D).

## CONCLUSION

For the foregoing reasons, a hearing is required on Plaintiff's request for relief prior to ruling on Plaintiff's Motion for Default Judgment (Doc. No. 6). Accordingly, the Court ORDERS that this matter shall be set for hearing in accordance with Federal Rule of Civil Procedure 55(b)(2).[2] A separate notice of hearing shall be entered specifying the time and date.

IT IS SO ORDERED this 4th day of February, 2021.

_____
CHARLES B. GOODWIN
United States District Judge

---

*Mkts., Inc.*, 858 F. Supp. 2d 1206, 1209 (D. Colo. 2012). Further, while the Complaint seeks imposition of a civil penalty, no such request is made in Plaintiff's Motion.

[2] *Cf. Int'l Union of Operating Eng'rs v. Stanley Excavation*, 243 F.R.D. 25, 27 n.5 (D. Me. 2007) ("If the plaintiff is seeking both a sum certain . . . and damages that require judicial determination . . . , the entire matter, including the sum certain, must be determined under Rule 55(b)(2).").