UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Case No. CIV-20-65-G |
| | ) |
| WILL JOHNSON, | ) |
| | ) |
| Defendant. | ) |

### ORDER

Now before the Court is Plaintiff United States of America's Motion for Default Judgment (the "Motion," Doc. No. 6), in which Plaintiff seeks entry of a default judgment against Defendant Will Johnson. Plaintiff's counsel has certified that the Motion was served upon Defendant via U.S. mail. Defendant has filed no response. The Court heard argument from Plaintiff's counsel on the Motion in an open hearing on February 25, 2021. Neither Defendant nor any representative for Defendant appeared at the hearing. For the reasons stated below, the Court finds that Plaintiff's Motion should be granted.

*I. Background*

Plaintiff initiated this action on January 22, 2020, seeking enforcement of certain conciliation agreements entered into by Defendant and approved by the U.S. Department of Housing and Urban Development ("HUD"). *See* Compl. (Doc. No. 1); *see also* 42 U.S.C. § 3610(b). On August 14, 2020, the Clerk entered Defendant's default pursuant to Federal Rule of Civil Procedure 55(a). *See* Clerk's Entry of Default (Doc. No. 7).

Plaintiff now seeks entry of a default judgment pursuant to Federal Rule of Civil Procedure 55(b) assessing damages in the amount of $5000, as well as a requirement that Defendant complete HUD training in accordance with the terms of the parties' conciliation agreements. *See* Pl.'s Mot. at 11; *id.* Ex. 1 (Doc. No. 6-1).

## II. Discussion

### A. Procedural Requirements

As outlined in the Court's Order of February 4, 2021 (Doc. No. 8), Plaintiff has satisfied the procedural requirements for entry of a default judgment. *See* Fed. R. Civ. P. 55(b); LCvR 55.1; *Tabb v. Mentor Prot. Serv. LLC*, No. CIV-17-1130-D, 2018 WL 3213622, at *1 (W.D. Okla. June 29, 2018).

### B. Plaintiff's Allegations

The entry of a default judgment "is committed to the sound discretion of the district court." *Tripodi v. Welch*, 810 F.3d 761, 764 (10th Cir. 2016). "Default judgments are generally disfavored in light of the policy that cases should be tried upon their merits whenever reasonably possible. Nonetheless, default judgment is viewed as a reasonable remedy when the adversary process has been halted because of an essentially unresponsive party." *Tabb*, 2018 WL 3213622, at *1 (citing *In re Rains*, 946 F.2d 731, 732 (10th Cir. 1991)).

Because a default has been entered, Plaintiff is "relieved . . . from having to prove the complaint's factual allegations." *Tripodi*, 810 F.3d at 765; *see also United States v. Craighead*, 176 F. App'x 922, 924 (10th Cir. 2006). Even after default, however, "it remains for the court to consider whether the unchallenged facts constitute a legitimate

basis for the entry of a judgment since a party in default does not admit conclusions of law." *Mathiason v. Aquinas Home Health Care, Inc.*, 187 F. Supp. 3d 1269, 1274 (D. Kan. 2016) (internal quotation marks omitted).

The Court has previously determined that the well-pleaded allegations in the Complaint establish Defendant's liability for breach of the relevant conciliation agreements. *See* Order of Feb. 4, 2021, at 3-5; *see also* Compl. ¶¶ 5-6, 10-11, 15-16, 21-29; *id.* Ex. 1 (Doc. No. 1-1); *id.* Ex. 2, Am. Conciliation Agreement (Doc. No. 1-2) at 5 (prescribing that HUD shall determine whether the parties to the agreement have complied with its terms and conditions); 42 U.S.C. § 3614(b)(2)(A) ("The Attorney General may commence a civil action in any appropriate United States district court for appropriate relief with respect to breach of a conciliation agreement referred to the Attorney General by the Secretary under [42 U.S.C. § 3610]."). Because Defendant has failed to respond to or defend this action in any way, the Court finds that entry of a default judgment is appropriate.

### C. Relief Requested

If the plaintiff's claim is not for "a sum certain or a sum that can be made certain by computation," then the moving party must apply to the Court for a default judgment. Fed. R. Civ. P. 55(b)(2). The Court may "conduct hearings or make referrals" when necessary "to enter or effectuate judgment." *Id.*

Here, Plaintiff requests $5000, on behalf of complainant Donna Winfrey, as the balance due under the Amended Conciliation Agreement. Plaintiff also requests that Defendant be "order[ed] to complete fair housing training." Pl.'s Mot. at 11.

Upon review of Plaintiff's submissions, as well as the argument and information presented at the hearing on February 25, 2021, the Court finds that Plaintiff is entitled to damages in the amount of $5000.  *See* Compl. ¶ 26 ("Under the terms of the Agreements, Johnson still owes $5,000.00 to Donna Winfrey."); Am. Conciliation Agreement at 4.  The Court further finds that Plaintiff is entitled to equitable relief in the form of an order requiring Defendant to "take a minimum of 90 minutes of fair housing training covering the federal Fair Housing Act via the online webinar that can be found at YouTube's HUDChannel" and to provide HUD with "written certification" of the same.  Am. Conciliation Agreement at 5; *see* Compl. ¶¶ 18, 27, 29.

## CONCLUSION

Accordingly, Plaintiff's Motion for Default Judgment (Doc. No. 6) is GRANTED as set forth herein.  A separate Default Judgment shall be issued.

IT IS SO ORDERED this 25th day of February, 2021.

_____
CHARLES B. GOODWIN
United States District Judge